QUINN EMANUEL URQUHART & SULLIVAN, LLP
Tigran Guledjian (Bar No. 207613)
*tigranguledjian@quinnemanuel.com*
Richard H. Doss (Bar No. 204078)
*richarddoss@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **SEIKO EPSON CORPORATION**, a Japan corporation; **EPSON AMERICA, INC.**, a California corporation; and **EPSON PORTLAND INC.**, an Oregon corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> **DONGGUAN OCBESTJET DIGITAL TECHNOLOGY CO., LTD.**, a China corporation, **OCBESTJET PRINTER CONSUMABLES (HK) CO., LTD.**, a Hong Kong corporation, <br><br> Defendants. | Case No. 2:22-cv-04123-AB-JC <br><br> **PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE METHOD** <br><br> Hearing:        November 4, 2022 <br> Time:             10:00 a.m. <br> Honorable André Birotte Jr. <br> Courtroom:    7B <br> 350 West First Street <br> Los Angeles, CA  90012 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, November 4, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable André Birotte, Jr. at the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Courtroom 7B, Plaintiffs Seiko Epson Corporation, Epson America, Inc. and Epson Portland Inc., shall move and hereby move the Court for an order permitting alternative service of process under Federal Rule of Civil Procedure 4(f)(3) and service of other papers in this action on Defendants Donnguan Ocbestjet Digital Technology Co., Ltd. and Ocbestjet Printer Consumables (HK) Co., Ltd.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the concurrently filed declaration of Richard H. Doss, and all other papers and arguments submitted in connection with this matter and any matters of which the Court may take judicial notice.

DATED:  October 6, 2022

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By_____*/s/ Tigran Guledjian*_____

**Tigran Guledjian**
California Bar No. 207613
*tigranguledjian@quinnemanuel.com*
**Richard H. Doss**
California Bar No. 204078
*richarddoss@quinnemanuel.com*
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

*Attorneys for Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.*

-1-

00862-00004X/13555646.3

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF THE CASE .................................................................................... 2

I.      BACKGROUND ................................................................................................ 2

II.     Defendants' Infringing Actions ........................................................................ 3

III.    Defendants Contact Information ....................................................................... 4

ARGUMENT .............................................................................................................. 7

IV.     LEGAL STANDARD ....................................................................................... 7

V.      ALTERNATIVE SERVICE OF PROCESS IS JUSTIFIED ........................... 7

VI.     PLAINTIFFS' PROPOSED ALTERNATIVE SERVICE UNDER
        RULE 4(f)(3) ................................................................................................... 12

CONCLUSION .......................................................................................................... 13

PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE METHOD

# TABLE OF AUTHORITIES

**Page**

## Cases

*Facebook, Inc. v. Banana Ads, LLC*,
  2012 WL 1038752 (N.D. Cal., Mar. 27, 2012) ..................................................9, 10

*F.T.C. v. PCCare247 Inc.*,
  2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)....................................................... 10, 11

*In re LDK Solar Sec. Litig.*,
  2008 WL 2415186 (N.D. Cal. June 12, 2008).............................................................8

*Juicero, Inc. v. Itaste Co.*,
  2017 WL 3996196 (N.D. Cal., June 5, 2017)................................................... 10, 11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)....................................................................................................7

*Rio Props., Inc. v. Rio Intern. Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ...............................................................7, 8, 10, 11

*Shinde v. Nithyananda Foundation*,
  2014 WL 12597121 (C.D. Cal., Aug. 25, 2014) ........................................9, 10, 11

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*,
  2016 WL 1251008 (C.D. Cal., Mar. 25, 2016) ........................................................9

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
  2007 WL 1140639 (N.D. Cal., Apr. 17, 2007)........................................................9

## Statutory Authorities

35 U.S.C. § 287(a) .........................................................................................................2

## Rules and Regulations

Fed. R. Civ. P. 4(f)....................................................................................................7, 8

Fed. R. Civ. P. 4(f)(1)-(3) ..............................................................................................7

Fed. R. Civ. P. 4(f)(3) .............................................................................7, 8, 10, 12, 13

Fed. R. Civ. P. 4(h)(2) ....................................................................................................7

## Additional Authorities

Hague Convention Art. 8, 10...........................................................................................8

Hague Conference on Private International Law, China – Central Authority
  and practical information (Dec. 4, 2018),
  *https://www.hcch.net/en/states/authorities/details3/?aid=243* ...............................8

PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE METHOD

*https://www.AliExpress.com/store/1101191193* ...................................................................4

*https://www.facebook.com/OCBINK1* .......................................................................13

*https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid= 393&disp=resdn* ...........................................................9

*https://ocbestjet.en.alibaba.com* ..............................................................................4

*https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/ HongKong.html* ...........................................................................9

United States Patent No. 6,955,422 ............................................................................2

United States Patent No. 8,454,116 ............................................................................2

United States Patent No. 8,794,749 ............................................................................2

-iii-

## **PRELIMINARY STATEMENT**

Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc. (together "Epson" or "Plaintiffs") filed a complaint against Defendants Donnguan Ocbestjet Digital Technology Co., Ltd. of China ("Ocbestjet China"), and Ocbestjet Printer Consumables (HK) Co., Ltd. of Hong Kong ("Ocbestjet HK") (together "Defendants") alleging patent infringement, trademark infringement, and unfair competition.  The complaint alleges that Defendants have willfully infringed, and continue to willfully infringe, Epson's patents and compete unfairly through their importation, online sales, and advertisements for sale of infringing printer ink cartridges, continuous ink supply systems, and circuit boards that infringe Epson's asserted patents (collectively, the "Accused Ink Cartridge Products"), directly through Defendants' storefronts and listings on Alibaba.com and AliExpress.com.  The complaint also alleges that Defendants infringe Epson's trademarks, including Epson's "wave" design trademark for printer ink, cartridges, and bottles, among other specific classes of goods (Reg. No. 5,402,648) (the "WAVE Mark") by advertising and selling bottles of ink with the WAVE Mark (the "Accused Ink Bottle Products").  Defendants' actions have and continue to cause Epson to suffer loss of the goodwill that Epson has created in the WAVE Mark and loss of profits from lost sales of products.  Defendants' continued patent and trademark infringement has and continues to harm Epson and consumers through lost sales and consumer confusion.

Epson has investigated the Hague Convention procedures for service of the complaint in China and Hong Kong, and under current international conditions, service will likely take up to one year or more.  Epson cannot, and should not, wait that long.  Accordingly, Epson seeks an order under Federal Rule of Civil Procedure 4(f)(3) to effect service of process of the summonses and complaint, and any future papers in this action through alternative means, namely by Defendants' email addresses, online sales platforms, and social media accounts.  The Ninth Circuit, as well as numerous other courts, have ordered that service of process through a defendant's email address, social

-1-

media accounts, as well as other means are appropriate alternatives for service. Epson respectfully seeks the same relief here.

## STATEMENT OF THE CASE

### I.   BACKGROUND

Plaintiffs are leaders in the development, manufacture, and sales of ink cartridges for their inkjet printers. Over the years, Epson has successfully brought numerous actions in various district courts as well as the United States International Trade Commission ("ITC") for infringement of its patents related to ink cartridge technology. Dkt. No. 1 at ¶¶ 9-11. The ITC has issued two general exclusion orders that prohibit the importation of products that infringe certain Epson patents, including the three patents asserted in this case: United States Patent No. 6,955,422 ("the '422 patent," recently expired), United States Patent No. 8,454,116 ("the '116 patent"), and United States Patent No. 8,794,749 ("the '749 patent") (together the "Asserted Patents"). *Id.* at ¶¶ 10-11.

Epson's patent enforcement efforts have been widely publicized and reported by the aftermarket ink cartridge industry and by Epson itself. *Id.* at ¶ 4. As a result, the aftermarket ink cartridge industry, which includes Defendants, is intimately familiar with the two ITC general exclusion orders and Epson's patents. *Id.* The aftermarket ink cartridge industry knows that importation and sale of the Accused Ink Cartridge Products may violate the ITC's general exclusion orders and infringe Epson's patents, including the Asserted Patents. *Id.* Epson gives notice of its patents, including the Asserted Patents, by virtual marking of its ink cartridges pursuant to 35 U.S.C. § 287(a). *Id.* Nevertheless, infringers, like Defendants here, continue to import, offer to sell, and sell the Accused Ink Cartridge Products in flagrant violation of the ITC's general exclusion orders and United States patent law. *Id.* Defendants also sell the Accused Ink Bottle Products with full knowledge of Epson's Federally protected WAVE Mark. *See id.* at ¶ 2.

## II.   DEFENDANTS' INFRINGING ACTIONS

Defendants in this case are knowing and willful infringers of the Asserted Patents and violators of the ITC's general exclusion orders that cover the Asserted Patents. *Id.* at ¶ 5.  Indeed, defendant Ocbestjet China was a named Respondent in the related matter *In the Matter of CERTAIN INK CARTRIDGES AND COMPONENTS THEREOF*, ITC Investigation No. 337-TA-946. *Id.* at ¶ 10.  And, on September 9, 2019, the ITC issued a Seizure and Forfeiture Order in the 337-TA-946 ITC Investigation against Ocbestjet China:

> Ink Cartridges and Components Thereof that are imported in violation of the general exclusion order issued in the above-captioned investigation are to be seized and forfeited to the United States, if imported by the following firm: **Ocbestjet Company**, Guanchen Electronic Information Park, No. 689 Jianan Road, Shatou Village, Changan Town, Dongguan, China 523850, or any affiliated companies, parents, subsidiaries, or other related business entities, or any of their successors or assigns.

*Id.* at ¶ 36.

Despite the ITC's Seizure and Forfeiture Order, and with full knowledge of the same and of at least two of the Asserted Patents (the '116 and '749 patents are covered by the 337-TA-946 General Exclusion Order), Defendants have and continue to import the Accused Ink Cartridge Products into the United States for sale on their Alibaba and AliExpress online marketplace storefronts. *See id.* at ¶¶ 21-37.

In addition, Defendants have in the past and continue to advertise, offer for sale, and sell a separate line of aftermarket bottles of ink (i.e., the Accused Ink Bottle Products) that independently infringe Epson's federally registered WAVE trademark (Reg. No. 5,402,648) ("the WAVE mark"). *Id.* at ¶¶ 6-7, 33-35.  Defendants' use of the WAVE mark to sell the Accused Ink Bottle Products deceives consumers, creates consumer confusion, and results in lost sales to Epson, tarnishing Epson's goodwill, reputation, and trademark. *Id.*

Defendants work in concert together and, have and continue to, conduct business on the Internet under various seller names, including but not limited to "Ocbestjet" via

-3-

their Ocbestjet storefront websites on Alibaba.com and AliExpress.com, and Facebook page Ocbink1.com. Dkt. No. 1 at ¶ 21-37. Defendants import, offer for sale, and sell products that infringe the Epson Patents, including by offering for sale and selling the Accused Ink Cartridge Products directly through Defendants' storefronts and listings on Alibaba.com (https://ocbestjet.en.alibaba.com) and AliExpress.com (https://www .AliExpress.com/store/1101191193). *Id.*; *see also* Declaration of Richard H. Doss ("Doss Decl.") ¶¶ 3-6. On their storefronts on Alibaba and AliExpress Defendants state that they are "a high technology company specialized in the R&D, production, sales and service of compatible printing consumables," and their "products include toner cartridges, ink cartridges, CISS, chips and decoders" that are "100% compatible with Epson [] printers." Dkt. No. 1 ¶ 21.

During Epson's investigation leading to the filing of the complaint, numerous purchases of the Accused Ink Cartridge Products and the Accused Ink Bottle Products were made by Epson from Defendants' storefronts and listings on Alibaba.com and AliExpress.com. *Id.* at ¶ 35. The patent infringing Accused Ink Cartridge Products and the trademark infringing Accused Ink Bottle Products were shipped by Defendants to Epson under Defendants' seller name "Ocbestjet" from their shipping address, located at Guancheng Electronic Information Industrial Park, No. 689, Jianan Road, Shatou Village, Changan Town, 523850 Dongguan, China. *See id.; see also id.* at ¶¶ 22-31 (showing screen captures of Defendants' advertisements for sale of infringing products); *id.* at ¶¶ 32-35 (showing screen captures of Defendants' infringing use of Epson's WAVE trademark). This address is the same address that the ITC identified in its September 9, 2019 Seizure and Forfeiture Order discussed above.

## III.   DEFENDANTS CONTACT INFORMATION

Defendants' own sources, such as their respective corporate registrations, websites, Alibaba and AliExpress seller storefront websites, and Facebook page provide various ways to directly contact them. For example, each defendant's respective corporate registration provides the physical address of its principal place of

-4-

business.  Dkt. No. 1 ¶¶ 18-19.  Defendants' Alibaba and AliExpress seller storefront websites "Ocbink.com" and "Ocbinkcatridges.com" each provide a mechanism to contact the company directly via email on the Alibaba platform.  *See* Doss Decl. at ¶¶ 3-6.  And Defendants' Facebook page  at https://www.facebook.com/ Ocbink1 cites to their website "ocbinkcartridges.com" and lists the contact email address as "admin@ocbestjet.com."  *See id.* at ¶ 9.

   ***Ocbestjet China***.   According to Ocbestjet China's registration with the government of China, Ocbestjet China is a limited liability company organized and existing under the laws of China (Registry No. 441900000788712) and has a registered office address at B-3-302, Guancheng Electronic Information Industrial Park, No. 689 Jian'an Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong, China.  Dkt. No. 1 at ¶ 18.  Ocbestjet China's storefront on Alibaba.com identifies Mr. Jack Zhang as the Director/CEO/General Manager and Marketing Manager of Ocbestjet China and provides the same physical address as set forth in Ocbestjet China's corporate registration with the government of China.  *See* Doss Decl. ¶ 3.  Ocbestjet China's storefront on the Alibaba platform also allows users to send Mr. Zhang a message and provides a "Chat Now!" hyperlink that opens a dialogue box with Mr. Zhang and allows users to instantly chat with Mr. Zhang.  *See id.*  Similarly, the storefront allows users to send a message directly to the supplier, "Ocbestjet."  *See id.* Ocbestjet China's Alibaba storefront also provides a website for Ocbestjet China, located at "http://www.ocbinkcartridges.com," and a website on Alibaba.com, located at "ocbestjet.en.alibaba.com." *See id*.  The Alibaba storefront also provides a listing of service representatives, including Mr. Zhang and "Daisy" that allows a chat channel to be opened between users and the service representative when the representative's avatar is selected.  *See id.* at ¶ 5.

   When purchasing infringing products from Defendants on their Alibaba seller storefront, the order confirmation provides a "Contact Name: Daisy Ocbestjet" a "Company Email: winne@ocbestjet.com" and a "Registered company address:  CN,

-5-

Guangdong, Dongguan, B-3-302, Guancheng Electronic Information Industrial Park, No. 689, Jiana Road, Shatou Community, Chang'an Town." Doss Decl. ¶¶ 4. And, an order confirmation placed by Epson's investigators resulted in an additional "Company Email: aocai2013@ocbestjet.com." *Id.*

***Ocbestjet HK***. According to Defendant Ocbestjet HK's registration with the government of Hong Kong, Ocbestjet HK is a limited liability company organized and existing under the laws of Hong Kong (Registry No. 1487257) and has a registered office address at RM 2301, 23 F/L, Worldwide House, 19 Des, Voeux Road Central Hong Kong. Dkt. No. 1 at ¶ 19. The Ocbestjet HK storefront on AliExpress has a hyperlink to its business license, which is the business registration for Ocbestjet China and lists the very same corporate registration number and address as Ocbestjet China. *See* Doss Decl. at ¶ 6. Ocbestjet HK's AliExpress storefront home page also provides a "Contact Now" hyperlink that allows users to communicate via email with Ocbestjet HK. *See id.*

Additionally, Ocbestjet HK has a home webpage on Goodada.com, which provides inspection and quality control services for Ocbestjet HK's products it offers for sale and sells on its AliExpress.com storefront webpage. *See id.* at ¶ 7. Ocbestjet HK's Goodada.com homepage also identifies Mr. Jack Zhang as a seller contact for defendant Ocbestjet HK. *See id.* Goodada's platform also provides a "Contact Seller" feature, which allows users to send messages to Mr. Zhang. *See id.* at ¶¶ 7-8.

***Facebook Presence***. Defendants also have a social media presence on Facebook. In particular, Ocbestjet HK has a Facebook page at "facebook.com/OCBINK1." *See id.* at 9. Defendants' Facebook page also provides an email contact at "admin@ocbestjet.com" and a physical address that matches that of Ocbestjet China, *i.e.*, jian'an road 689, Dongguan, China. *See id.* Defendants' Facebook page also has a hyperlink to their webpage located at "ocbinkcartridges.com," and a way to send a message via the Facebook platform. *See id.*

Accordingly, Defendants themselves provide numerous ways to directly contact them via email and social media, as well as their physical corporate addresses.

## ARGUMENT

### IV.   LEGAL STANDARD

Service of process on foreign individuals is governed by Federal Rule of Civil Procedure 4(f).  That same rule applies to foreign businesses.  *See* Fed. R. Civ. P. 4(h)(2).  Under Rule 4(f), foreign service can be accomplished by any one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) . . . as prescribed by the foreign country's law for service in that country . . . ; or (3) ***by other means not prohibited by international agreement, as the court orders***."  Fed. R. Civ. P. 4(f)(1)-(3) (emphasis added).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no international agreement directly to the contrary.  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  The Court can also allow multiple forms of alternative service at once. *Id*. at 1017.  Finally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id*. at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

### V.   ALTERNATIVE SERVICE OF PROCESS IS JUSTIFIED

Under the procedures of the Hague Convention, service in China will take as long as one year to complete, and, due to current international conditions, may take longer.  Given Defendants on-going infringement, there is no need to wait this long.  Such delay is unnecessary.  Under the circumstances here, alternative service through

-7-

(1) email and (2) Defendants' social media accounts (on Facebook and the chat and messaging features of Defendants' storefronts on Alibaba and AliExpress) will not only apprise Defendants of this action and afford them an opportunity to appear, but also those forms of service are likely to be the best, fastest, and most reliable methods for providing them notice.

Critically, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props*., 284 F.3d at 1015. Rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id*. There is, therefore, no "hierarchy of preferred methods of service of process" under Rule 4(f), and "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id*. at 1014. Thus, a party need not "attempt service of process by those [other] methods … before petitioning the court for alternative relief under Rule 4(f)(3)." *Id*. at 1014-15 (approving alternative service even though plaintiff had not attempted other methods); *accord In re LDK Solar Sec. Litig*., 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("plaintiffs are free to attempt an alternate means of service without having to show an attempt of service through the Chinese Central Authority").

As explained below, none of the methods proposed by Epson for alternative service are prohibited by any international agreement with China or Hong Kong and all comport with due process.

> **A.** **The Proposed Means of Service Are Not Prohibited by International Agreement**

As signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, China and Hong Kong had the option to object to certain types of service, which it did as to Article 8, service through "diplomatic or consular agents," and Article 10, "postal channels" or foreign "judicial officers." *See* Hague Convention Art. 8, 10; Hague Conference on Private International Law, China – Central Authority and practical information (Dec. 4, 2018),

-8-

https://www.hcch.net/en/states/authorities/details3/?aid=243 (identifying China's objections). Despite these limitations (which are inapplicable), courts in this district have found that each of the methods proposed by Epson below is permissible, even taking into account China's specific reservations to the Hague Convention agreement.

Likewise, "Hong Kong did not make any reservations with respect to service by international registered mail or service by agent." *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/ HongKong.html; *see also* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid= 393&disp=resdn; *see also Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 & n.5 (N.D. Cal., Mar. 27, 2012) (court found that email service to Hong Kong, "a special administrative region of the People's Republic of China," was not prohibited by international agreement and was therefore acceptable) (collecting cases).

### 1.    Email

Email service is permissible, even for countries that have objected to service through postal channels under Article 10 of the Hague Convention. In *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal., Apr. 17, 2007), for example, the court found that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible, even though each of the countries, like China, had objected to service through postal channels. Following *Williams-Sonoma*, the court in *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, 2016 WL 1251008, at *3 (C.D. Cal., Mar. 25, 2016), permitted service in China via email, finding that the "Hague Convention does not expressly prohibit service by email" and that there was no other international agreement with China of which it was aware that would prohibit such service. Similarly in *Facebook*, the court found that email service to Hong Kong, "a special administrative region of the People's Republic of China," was not prohibited by international agreement and was therefore acceptable. *See id*. at *2 & n.5. And, in *Shinde v. Nithyananda Foundation*, 2014 WL 12597121, at *7 (C.D. Cal., Aug. 25, 2014), the court likewise permitted service via email to a recipient in India

-9-

despite India's objecting to service via postal channels, reasoning that "service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10" of the Hague Convention. As in each of these cases, email service is appropriate and permissible here.

### 2.     Social Media

Service through a defendant's social media account, such as Facebook is also permissible.  In *Juicero, Inc.* v. *Itaste Co.*, for example, the court ruled that service through a Chinese defendant's Facebook account was permissible because "[s]ervice through a Facebook account is not among the means listed in Article 10, and the Court is unaware of any international agreement by which China has objected to service of process through Facebook."  2017 WL 3996196, at *3 (N.D. Cal., June 5, 2017); *see also Shinde*, 2014 WL 12597121, at *7 (service via Facebook on an Indian defendant was permissible because "India has not objected to service by Facebook, and the Court knows of no international treaty prohibiting such means").

As of the date of this motion, China and Hong Kong have not objected to service of process through social media, such as Facebook.  It is, therefore, a permissible method under Rule 4(f)(3).

### B.     The Proposed Means of Service Satisfy Due Process

### 1.     Email

Email is not only a permissible means of alternative service, email has been considered one of the best forms because it is "aimed directly and instantly" at the defendant. *Rio Props.*, 284 F.3d at 1018.  "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *see also Facebook*, 2012 WL 1038752, at *2 (granting motion for alternative service because "service by email appears to be not only reasonably calculated to provide actual notice to Foreign Defendants but the method most likely to apprise the Foreign Defendants of the action").

-10-

Here, Plaintiffs have recent and valid email addresses for both Defendants.  *See supra* Defendants' Contact Information.  Furthermore, in connection with purchases of infringing products, Epson's investigators have been in contact with and received responses from a person at Ocbestjet named Daisy at the email address winne@ocbestjet.com.  This email address is listed on the purchase order confirmations and also identified on Defendants' website, ocbinkcartridges.com.  Doss Decl.at ¶ 4. Mr. Jack Zhang, who is identified by Defendants as the Director, CEO, General Manager, and Marketing Manager is also identified on Defendants' website ocbinkcartridges.com.  *Id.*  An email sent to these addresses is likely to reach Defendants.    Indeed,  Epson's  investigators  recently    sent  inquiries  to winne@ocbestjet.com and received prompt responses back regarding how to treat particular purchased that were defective, which indicates that the email address is active and monitored.  *Id.* at 4.

## 2.    Social Media

Like email, service through a defendant's social media account comports with due process.    "Particularly  where  defendants  have  'zealously  embraced'  a comparatively new means of communication, it comports with due process to serve them by those means."  *PCCare247*, 2013 WL 841037, at *5 (quoting *Rio Props.*, 284 F.3d at 1017); *see also Juicero*, 2017 WL 3996196, at *3 (allowing service through Facebook and email where "Defendants are taking full advantage of their Facebook account, the website, and their email addresses in advertising their products and communicating with their customers").  This is especially true where, as here, service through social media would be "a supplemental means of service," rather than the sole method.  *PCCare247*, 2013 WL 841037, at *5-6; *see also Shinde*, 2014 WL 12597121, at *7 ("Courts have found that email service and service through Facebook comport with due process.").

Defendants have a social media presence on their Facebook page at facebook.com/Ocbink1, which provides an email contact (admin@ocbestjet.com) and

-11-

provides a hyperlink to their webpage (ocbinkcartridges.com), and includes a function to send a message via the Facebook platform. Doss Decl. at ¶ 9. The physical address Defendants provide on their Facebook page also matches Ocbestjet China, *i.e.*, Jianan Road 689, Dongguan, China. *Id.*

Moreover, defendant Ocbestjet China's Alibaba storefront website provides a messaging service functionality—"Chat Now!"—that is the dominant messaging service used on the Alibaba platform and is used extensively by Defendants. In particular, defendant Ocbestjet China provides contact information for Mr. Jack Zhang, the Director, CEO, General Manager, and Marketing Manager. He has a "Chat Now!" hyperlink on Ocbestjet China's Contact Information page on Alibaba.com. Doss Decl. ¶ 3. Clicking the "Chat Now!" hyperlink opens a chat dialogue box between a user and Mr. Jack Zhang. *Id.* Additionally, Mr. Jack Zhang is identified as a seller contact for defendant Ocbestjet HK on Goodada.com, which provides a messaging function to send messages to Mr. Jack Zhang of Ocbestjet HK. Doss Decl. ¶ 7.

Similarly, defendant Ocbestjet HK's AliExpress storefront website provides a "Contact Now" function that allows users to directly message the company. *Id.* at ¶ 6.

Based on the frequency and extent to which Defendants use social media, it is highly likely that Defendants will receive notice of the lawsuit through messages sent to each of their accounts, especially in combination with the proposed email service method discussed above, as well as via Federal Express, discussed below.

## VI.   PLAINTIFFS' PROPOSED ALTERNATIVE SERVICE UNDER RULE 4(F)(3)

Epson proposes to serve Defendants by sending the complaint, summons, and related papers in this action by (1) email and (2) social media.

(1) With respect to email, Epson proposes to serve the service documents by sending them to the following known email addresses of Defendants:

a.   admin@ocbestjet.com

b.   winne@ocbestjet.com

-12-

PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE METHOD

    c.    aocai2013@ocbestjet.com

(2) With respect to social media, Epson proposes to serve the service documents by sending a link to the documents to Defendants:

    a.    via their respective Alibaba and AliExpress storefronts by using the Alibaba "Chat Now" and AliExpress "Contact Now" messaging functions;

    b.    to Jack Zhang of Ocbestjet HK and Ocbestjet China via the messaging platform on Ocbesjet HK's Goodada.com "Contact Seller" messaging function;

    c.    via their Facebook page at https://www.facebook.com/OCBINK1 through the Facebook messaging function.

In addition, Epson will also send courtesy copies of the service documents via Federal Express to their physical addresses of record on file with their respective country corporate registries as follows:

    a.    Ocbestjet China:  3-302, Guancheng Electronic Information Industrial Park, No. 689 Jian'an Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong, China;

    b.    Ocbestjet HK:  RM 2301, 23 F/L, Worldwide House, 19 Des, Voeux Road Central Hong Kong.

Any one of the proposed methods would be sufficient alone to apprise each Defendant of this lawsuit and any future motion practice.  Together, they are more than adequate to satisfy Rule 4(f)(3).  Epson, therefore, proposes that it effect service of process by sending the necessary case-initiation materials by all of these methods, but that service of future papers in this case can be effected by sending through any of these means.

## CONCLUSION

Epson respectfully requests that the Court grant its motion for an order approving alternative service of process on Defendants through email, social media, and Federal

-13-

Express.

DATED:  October 6, 2022          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  /s/ *Tigran Guledjian*
Tigran Guledjian
Richard H. Doss
Quinn Emanuel Urquhart & Sullivan, LLP
Telephone:  (213) 443-3000

*Attorneys for Plaintiffs*
*Seiko Epson Corporation,*
*Epson America, Inc., and*
*Epson Portland Inc.*

PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE METHOD